UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL HADDEN,                                                    PETITIONER


v.                                         CIVIL ACTION NO. 3:15-CV-00153-CRS


UBS FINANCIAL SERVICES, INC.,                                     RESPONDENT

## MEMORANDUM OPINION

Petitioner Michael Hadden petitions this Court to vacate an arbitration award.
Respondent UBS Financial Services, Inc. ("UBS") moves this Court to confirm the same
arbitration award. For the reasons below, the Court will deny Hadden's petition to vacate the
award. The Court will grant UBS' motion to confirm that award.


## BACKGROUND

UBS filed a Financial Industry Regulatory Authority ("FINRA") claim against Hadden, a
former UBS employee, to recover damages under a promissory note. The promissory note was
part of an employee bonus arrangement that required Hadden to pay UBS if he resigned.

Hadden resigned from UBS in November 2011. He declined to pay the promissory note,
initially arguing multiple defenses, including unjust enrichment, invalid penalty, and inhospitable
work environment. UBS filed a claim for payment and Hadden filed a counterclaim for creating
an inhospitable work environment. In April 2014, the parties set the arbitration hearing dates for
August 26–29, 2014, in Louisville, Kentucky.

1

On the third day of the hearing around 4:00 in the afternoon, Hadden requested the panel postpone the proceedings because "there was not adequate time to finish [hearing all claims] by the following day, especially considering Hadden was exhausted from testifying as a defendant for the full Day Three." Pet. Vacate Arb. Award ¶ 29, ECF No. 1. After deliberations, the panel denied Hadden's request for postponement at 4:30 PM, saying that Hadden had "two years to prepare for the hearing" and that no new issues had arisen. FINRA Tr. Aug. 28, 2014, Hearing 726, ECF No. 15-1. The panel offered to stay as long as needed on that day to hear Hadden's inhospitable work environment defense and counterclaim. *Id.* at 723. Hadden rejected this offer and agreed to adjourn for the day. At the beginning of day four, Hadden "in protest" withdrew his counterclaim and defense alleging an inhospitable work environment. Pet. Vacate Arb. Award ¶ 34, ECF No. 1.

The FINRA arbitration panel ruled on November 14, 2014, in favor of UBS and against Hadden. The Panel awarded UBS $183,642.29 in compensatory damages, $16,363.06 in pre-award interest, and $105,356.71 in attorneys' fees. FINRA Award 4, ECF No. 16-5. The Panel denied and dismissed Hadden's counterclaims. *Id.*

## DISCUSSION

### 1. Hadden's Petition to Vacate the Arbitration Award

Hadden petitioned this Court to vacate the arbitration award. The Court will deny Hadden's petition. Hadden also requested a hearing on his motion to vacate. The parties have fully briefed this issue and a hearing would be unnecessary. The Court denies Hadden's request for a hearing.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, expresses the federal policy favoring arbitration award enforcement. *See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). To encourage arbitration, the FAA mandates that "arbitration awards are both fair and final." *Solvay Pharm., Inc. v. Duramed Pharm., Inc.*, 442 F.3d 471, 475 (6th Cir. 2006).

A party seeking to vacate an arbitration award "must clear a high hurdle." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). This Court's review of an arbitrator's decision "is very narrow … one of the narrowest standards of judicial review in all of American jurisprudence." *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 305 (6th Cir. 2008) (internal citations and quotations omitted).

Under the FAA, this court may vacate an arbitration award "(1) where the award was procured by fraud, (2) where the arbitrators were evidently partial or corrupt, (3) where the arbitrators misbehaved so that a party's rights were prejudiced, or (4) where the arbitrators exceeded their powers or executed them so that a final, definite award was not made." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000); *see* 9 U.S.C. §§ 10(a)(1)-(4). The Sixth Circuit also recognizes that "a reviewing court may vacate an award where the arbitrators have manifestly disregarded the law." *Dawahare*, 210 F.3d at 669. "[T]o find manifest disregard a court must find two things: the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it." *Id.*

Hadden only argues that the arbitration award should be vacated under FAA ¶ 10(a)(3), which states that the Court may vacate an award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to

hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." *See* Pet. Vacate Arb. Award ¶ 37, ECF No. 1. "If any reasonable basis exists for the arbitrators' decision not to postpone a hearing, we will not intervene." *Floyd Co. Bd. of Educ. v. EUA Cogenex Corp.*, 198 F.3d 245 (6th Cir. 1999) (quoting *DVC-JPW Investors v. Gershman*, 5 F.3d 1172, 1174 (8th Cir.1993)); *see also El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001) (noting that the Court should not "intervene in an arbitrator's decision not to postpone a hearing if any reasonable basis for it exists."); *Schmidt v. Finberg*, 942 F.2d 1571, 1574 (11th Cir. 1991).

Hadden argues that he did not have a fair hearing because he was not able to present an inhospitable work environment defense due to the arbitrators' error in not allowing a postponement of the hearing. Pet. Vacate Arb. Award ¶¶ 39, 51, ECF No. 1. The arbitrators, however, did give Hadden the opportunity to present this defense on the third day of the proceedings and were "willing to stay [that night] as long as [they] need[ed] to hear whatever evidence need[ed] to be presented…." FINRA Tr. Aug. 28, 2014 Hearing, 723, ECF. No. 15-1. Instead, Hadden declined this opportunity due to his "tired physical state" and requested a postponement. Pet. Vacate Arb. Award ¶ 32, ECF No. 1.

This issue comes down to whether the arbitrators had any reasonable basis in denying the postponement of the hearing. Hadden argues that the panel was "completely unreasonable" to require him to continue presenting his case at 5:00 PM after he had been acting as his own attorney and witness for most of the day. The matter, however, had been pending for two years. In denying the postponement, the arbitration panel said that Hadden had "two years to prepare for the hearing" and that no new issues had arisen. FINRA Tr. Aug. 28, 2014 Hearing, 726, ECF

No. 15-1. The hearing dates had been set in April 2014, well in advance of the August 26-29, 2014, hearing. During this period, Hadden did not request additional hearing days.

The panel had a reasonable basis to deny Hadden's request to postpone the proceedings. The panel desired to conclude a matter that had been ongoing for multiple years and it believed the parties had ample time to prepare and think through the case, and to continue presenting during the scheduled period. Furthermore, Hadden had the opportunity to request additional time in the months after the dates were set as well as the opportunity to present his additional defense on the third day, albeit late in the day. The panel's basis does not need to be the most reasonable basis, but merely a reasonable basis. The Court finds the panel's basis in this matter to be reasonable.

Hadden has not argued or articulated any other grounds under the FAA for this Court to vacate the arbitration award. The Court will deny Hadden's petition to vacate the arbitration award.

**2.  UBS' Motion to Confirm Arbitration Award**

UBS moves this Court to confirm the arbitration award FINRA issued in *UBS Financial Services Inc. v. Michael S. Hadden*, FINRA Arbitration No. 12-01795, against Hadden. The Court will grant UBS' motion.

A party may seek a competent court's confirmation of an arbitration award "at any time within one year after the award is made." 9 U.S.C. § 9. Section 9 of the FAA states that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11…." *See also Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676 (6th Cir. 2005).

The FINRA arbitration panel made the arbitration award on November 14, 2014. FINRA Award, ECF No. 16-5. UBS moved this Court to confirm the arbitration award on May 18, 2015 – within one year after the panel made the award. Resp.'s Mot. Confirm Arb. Award, ECF No. 16. The pertinent arbitration award has not been vacated, modified, or corrected. *See* 9 U.S.C. § 9.

The Court will grant UBS' motion to confirm the arbitration award and will order the arbitration award confirmed.

A separate order will be entered in accordance with this opinion.

October 29, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**